# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

TIDIANE KONE,

        Plaintiff,

  v.

SHANTELL ANDREW, *et al.*,

        Defendants.

Case No. 3:22-cv-00138-SLG-KFR

## REPORT AND RECOMMENDATION TO DISMISS

On May 24, 2022, Tidiane Kone, a self-represented prisoner (hereinafter "Plaintiff"), filed a Prisoner's Complaint under the Civil Rights Act, 42 U.S.C. § 1983, a civil cover sheet, and two Prisoner's Application to Waive Prepayment of the Filing Fee.[1] Subsequently, Plaintiff filed a Motion for Order to Show Cause, a Motion for Declaratory Judgment that was ultimately disregarded and filed in the correct case, as well as a Motion for Enforcing a Judgment for a Specific Act.[2] On September 6, 2022, Defendant filed a Motion to Amend his Complaint (hereinafter "Amended Complaint"), which the Court granted. An amended complaint supersedes an original complaint; after amendment, the Court treats the original Complaint as nonexistent.[3]

After referral from the District Court, the Court now screens Plaintiff's Amended Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A.

//
//
//

---

[1] Dkts. 1–4.
[2] Dkts. 6-8.
[3] *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner. In this screening, a court shall dismiss the case at any time if the court determines that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[4]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[5] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[6]

Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[7] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency[.]"[8]

//
//

---

[4] 28 U.S.C. § 1915A.

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[6] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[7] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[8] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

**DISCUSSION**

I. **Civil Rights Claims Under 42 U.S.C. § 1983**

Claims under 42 U.S.C. § 1983 have specific required elements that a plaintiff must plead. Section 1983 is a federal statute that "is not itself a source of substantive rights," but provides "a method for vindicating rights [found] elsewhere."[9] In order to plead a proper § 1983 claim, a plaintiff must allege plausible facts that if proven would establish each of the required elements of: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law."[10]

Section 1983's requirement that a defendant must be "acting under the color of state law"[11] is an essential element of the statute that limits who may be a proper defendant under § 1983 litigation. For instance, private citizens, state governmental agencies, and states are not proper defendants for a § 1983 action.[12] The question of whether a person who has allegedly caused a constitutional injury was acting under the color of state law is a factual determination.[13] A defendant has acted under color of state law where he or she has "exercised power 'possessed by the virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[14]

Section 1983 does not confer constitutional or federal rights, but instead, provides a mechanism for remedying violations of pre-existing constitutional or federal rights.[15] Constitutional rights are those conferred by the U.S. Constitution

---

[9] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).
[10] *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).
[11] *West v. Atkins*, 487 U.S. 42, 49 (1988).
[12] *See* 42 U.S.C. § 1983; *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007); *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (en banc).
[13] *See Brunette v. Humane Soc'y of Ventura Cty.*, 294 F.3d 1205, 1209 (9th Cir. 2002).
[14] *West*, 487 U.S. at 49 (quoting *Classic*, 313 U.S. at 326); *see also Tongol v. Usery*, 601 F.2d 1091, 1097 (establishing that when state officials are administering a federal funded program, the state officials are still acting under the color of state law).
[15] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

to individual citizens. Section 1983 can be used as a mechanism for enforcing the rights guaranteed by a particular federal statute only if (1) the statute creates enforceable rights and (2) Congress has not foreclosed the possibility of a § 1983 remedy for violations of the statute in question.[16] Section 1983 does not provide a cause of action for violations of state law.[17]

Importantly in a § 1983 action, claims must demonstrate causation, or show how the alleged defendant, acting under color of state law, violated the plaintiff's federal rights. This causation element impacts what relief a plaintiff may demand. In order to sue for money damages, a plaintiff must allege facts that if proven would demonstrate that the named defendant (1) personally participated in depriving the plaintiff of his rights and (2) that the defendant's actions cause the plaintiff's injury.[18] If a plaintiff wants to sue for injunctive relief, the plaintiff must (1) identify the policy or law he challenges and (2) demonstrate that the particular defendant is able to respond to the injunctive relief he requests.[19] In order to properly plead a complaint under § 1983, a plaintiff must make a demand for relief that corresponds to either individual or official capacity liability.

## II. Claims One and Two

In Claim One, Plaintiff alleges fraud by Defendant Shantell Andrew in her individual capacity.[20] Specifically, Plaintiff alleges that on or about April 9, 2021, he received a letter from Child Support Services regarding child support he owed.[21] Plaintiff further claims that Defendants negligently put his name on a child's birth

---

[16] *Blessing v. Freestone,* 520 U.S. 329, 340-41 (1997); *Dittman v. California,* 191 F.3d 1020, 1027-28 (9th Cir. 1999).
[17] *Galen v. Cty. of Los Angeles,* 477 F.3d 652, 662 (9th Cir. 2007).
[18] *Avalos v. Baca,* 596 F.3d 583, 587 (9th Cir. 2010); *Harper v. City of Los Angeles,* 533 F.3d 1010, 1026 (9th Cir. 2008); *See Mitchell v. Washington,* 818 F.3d 436, 442 (9th Cir. 2016).
[19] *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013); *see also Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989) n.10.
[20] Dkt. 10-1 at 2.
[21] *Id.* at 3.

REPORT AND RECOMMENDATION 4
*Kone v. Andrew et al.*
3:22-cv-00138-SLG-KFR
Case 3:22-cv-00138-SLG-KFR   Document 12   Filed 09/14/22   Page 4 of 7

certificate in an attempt to collect child support from him.[22]

In Claim Two, Plaintiff alleges fraud by Defendant Felipe Hernandez in his individual capacity.[23] In this claim, Plaintiff does not specify any fraud, he only states that on or about August 27, 2022, he spoke to Defendant Hernandez and Defendant Hernandez's sister on the phone and when Plaintiff attempted to call Defendant Hernandez back to get his address for this lawsuit, he failed to answer.[24] Plaintiff further contends Defendant Hernandez's actions against him are "more like organise (sic) crime."[25]

For relief, Plaintiff seeks $3,000.00 in damages, $8,000.00 in punitive damages, an order requiring Defendants to "answer to the complaint at (sic) sooner," and a declaration that "if Defendant fail to answer the complaint the judgment will use (sic) against them."[26] Plaintiff also demands a trial by jury.[27]

### III. Analysis

Both Defendants appear to be private citizens. Plaintiff raises no facts to suggest Defendants are any type of state actors.[28] As previously stated, in § 1983 suits, defendants must be considered state actors to be eligible for suit. Since Defendants are not eligible for suit as a matter of law in the present § 1983 action, the Court recommends Plaintiff's Amended Complaint be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted. If Plaintiff wishes to pursue any of the claims he has raised against private citizens, state court

---

[22] *Id.*
[23] *Id.* at 2.
[24] *Id.* at 4.
[25] *Id.*
[26] *Id.* at 7.
[27] *Id.*
[28] *Compare Brunette v. Humane Soc'y of Ventura Cty.*, 294 F.3d 1205, 1210 (9th Cir. 2002) (discussing joint action, symbiotic relationship, and public function tests which could convert a private person into a state actor).

may be the proper venue in which to do so.

## CONCLUSION

Defendants are not proper defendants under § 1983. Therefore, Plaintiff fails to state a claim upon which relief may be granted.

**IT IS THEREFORE RECOMMENDED:**

1. This action be **DISMISSED WITHOUT PREJUDICE** for failing to state a claim upon which relief may be granted.
2. All pending motions be **DENIED AS MOOT**.
3. That this dismissal count as a strike as required by 28 U.S.C. § 1915(g) and *Lomax v. Ortiz-Marquez, et al.*, 590 U.S., 140 S.Ct. 172 (2020).[29] This would be Plaintiff's first strike.
4. The Clerk of Court is directed to change the caption of this suit to reflect the termination of previous Defendants, and the case is to be renamed *Kone v. Shantell Andrew, et al*.
5. The Clerk of Court issue a final judgment.

DATED at Anchorage, Alaska this 14th day of September 2022.

*s/Kyle F. Reardon*
KYLE F. REARDON
United States Magistrate Judge
District of Alaska

## NOTICE OF RIGHT TO OBJECT

Under 28 U.S.C. § 636(b)(1), a district court may designate a magistrate judge to hear and determine matters pending before the Court. For dispositive matters, a magistrate judge reports findings of fact and provides recommendations to the

---

[29] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."

presiding district court judge.[30] A district court judge may accept, reject, or modify, in whole or in part, the magistrate judge's order.[31]

A party may file written objections to the magistrate judge's order within 14 fourteen days.[32] Objections and responses are limited to five (5) pages in length and should not merely reargue positions previously presented. Rather, objections and responses should specifically identify the findings or recommendations objected to, the basis of the objection, and any legal authority in support. Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment.[33]

---

[30] 28 U.S.C. § 636(b)(1)(B).
[31] 28 U.S.C. § 636(b)(1)(C).
[32] *Id.*
[33] *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).

REPORT AND RECOMMENDATION 7
*Kone v. Andrew et al.*
3:22-cv-00138-SLG-KFR
Case 3:22-cv-00138-SLG-KFR   Document 12   Filed 09/14/22   Page 7 of 7